AO 91 (Rev. 11/11) Criminal Complaint        AUSA Kartik K. Raman (312) 469-6026

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CASE NUMBER: 25 CR 626 |
| WIDMAN OSBERTO LOPEZ FUNES | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about October 1, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 111(a) & (b) | forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with a person designated in Title 18, United States Code, Section 1114, namely an officer and employee of the United States, while he was engaged in the performance of his official duties, and in the commission of such acts used a deadly and dangerous weapon. |
| Title 18, United States Code, Section 1361 | willfully committed a depradation against property of the United States and a department and agency thereof, namely, causing damage exceeding the sum of $1,000 to a government vehicle. |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

*Andrea Ficarella/by HKM*
ANDREA FICARELLA
Special Agent, Homeland Security Investigations (HSI)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: October 3, 2025

*Heather K. McShain*
*Judge's signature*

City and state: Chicago, Illinois        HEATHER K. MCSHAIN, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, Andrea Ficarella, being duly sworn, state as follows:

**I.    Background**

1. I am a Special Agent with Homeland Security Investigations ("HSI"), and I have been so employed since August 2007. My current responsibilities include the investigation of individuals who assault, resist, oppose, impede, intimidate, or interfere with officers and agents of the Department of Homeland Security who are engaged in the performance of their official duties. Prior to my current assignment, I conducted investigations of document fraud and benefit fraud. I have completed 25 weeks of extensive training at the Federal Law Enforcement Training Center in Glynco, Georgia.

2. This affidavit is submitted in support of a criminal complaint alleging that Widman Osberto LOPEZ FUNES ("LOPEZ FUNES") has violated Title 18, United States Code, Section 111(a) and (b), and Title 18, United States Code, Section 1361. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, and on information I

have received from other law enforcement personnel and from people with knowledge regarding relevant facts, photographs received from various law enforcement personnel, and my training and experience.

## II.     Facts Supporting Probable Cause

4. On or about October 1, 2025, Enforcement and Removal Operations ("ERO") officers assigned to United States Immigration & Customs Enforcement ("ICE"), were conducting an enforcement operation in or around Bensenville, Illinois. At approximately 5:00 a.m. ERO officers commenced the enforcement operation by conducting surveillance of Individual A, a target suspected of being unlawfully present in the United States. ERO officer were conducting the surveillance at the target's known address, an apartment building located on Sonny Lane in Bensenville, Illinois. During their surveillance, officers observed that there was a black Cadillac sedan parked in the parking lot outside the apartment building, bearing Illinois license plate XXXX483. The registration information for the license plate indicated that this vehicle was a black 2008 Cadillac sedan registered to Individual A, who had the same address on Sonny Lane and resided in Apt. 2B. During a prior surveillance, ERO officers had observed Individual A drive back and forth from the apartment building while using the Cadillac sedan that is registered to Individual A.

5. At approximately 7:30 a.m., ERO officers observed a second person, Individual B, leave the apartment building and get into the Cadillac sedan. Based on Individual B's close physical resemblance to Individual A, and the fact that Individual B entered the Cadillac sedan, officers presumed that Individual

B was Individual A.

6. ERO officers observed Individual B then leave the apartment complex parking lot at approximately 7:35 a.m. At that time, ERO officers in three government vehicles ("Government Vehicle 1," "Government Vehicle 2," and "Government Vehicle 3") proceeded to follow the Cadillac sedan out of the apartment complex and onto the public streets of Bensenville, Illinois. At approximately 7:40 a.m. the officers activated their government vehicles' emergency lights and attempted to conduct a traffic stop on the Cadillac sedan when the Cadillac was stopped at a stop sign on Bernice Drive, at or near the intersection with Entry Drive. In response, the driver of the Cadillac, Individual B, disregarded the emergency lights and erratically drove away from the ERO officers in the three government vehicles. The officers continued to follow the Cadillac while it drove on the streets in Bensenville without the emergency lights activated, following at a safe distance.

7. At approximately 7:45 am, ERO officers made a second attempt to stop the Cadillac sedan, when the Cadillac came to a stop at the left turn lane at a red traffic light on N. York Street, at or near Industrial Drive. According to the ERO officers who were interviewed about this aspect of the investigation, Government Vehicle 1 was positioned to the right front (passenger side) of the Cadillac sedan. Government Vehicle 2 and Government Vehicle 3 were positioned behind the black Cadillac.

8. As the three government vehicles were stopped as described above, each government vehicle had its emergency lights activated. However, rather than remain stopped, the Cadillac maneuvered right, passing behind Government Vehicle 1.

Government Vehicle 1 maneuvered right as the Cadillac then maneuvered left, and the Cadillac forcefully struck Government Vehicle 1, causing damage to the passenger side of Government Vehicle 1. The Cadillac also sustained damage to driver's side of that vehicle. After causing the damage to Government Vehicle 1, the Cadillac drove away from the area, driving back in the direction of the apartment building.

9. ERO officers followed the Cadillac sedan to the parking lot, near the apartment building on Sonny Lane, Bensenville, Illinois. After some time, ERO officers saw the Cadillac sedan park in the apartment complex lot, and Individual B, who had been driving the Cadillac, exited the black Cadillac. Individual B ran from the Cadillac and went into the entrance of the building. ERO officers saw another individual holding the apartment building entrance door open for Individual B.

10. Individual B entered the apartment building. After some time, ERO officers went into the apartment building to try and locate Individual B. Officers went to the second floor and stood outside apartment 2B, which had the door closed. Officers attempted to coax Individual B out of the apartment. Based on the address information for Individual A, officers suspected that Individual B had gone inside that unit.

11. At about 10:10 a.m., Individual B exited apartment 2B with his foreign identity document and surrendered to ERO officers. He was identified by ERO as the same individual that ERO had witnessed leaving the apartment building at approximately 7:30 a.m. and as the driver of the black Cadillac that caused damage to Government Vehicle 1 during the flight, pursuit, and collision described above. ERO officers also confirmed that Individual B was the individual who ran into the building after parking the Cadillac in the complex parking lot.

12. Based on the foreign identity document that Individual B presented when he surrendered to ERO officers, officers determined that Individual B had provided a Guatemalan passport. The Guatemalan passport reflected that Individual B was the brother of Individual A. ERO officers identified the driver of the Cadillac, *i.e.*, Individual B, as WIDMAN OSBERTO LOPEZ FUNES. ERO officers determined that LOPEZ FUNES was not lawfully present in the United States.

13. The photographs below show the damage caused to Government Vehicle 1 after LOPEZ-FUNES drove the Cadillac into Government Vehicle 1.

**Photograph 1**           **Photograph 2**




14. The photographs below show the damage that resulted to the Cadillac after LOPEZ-FUNES drove the Cadillac into the passenger side of Government Vehicle 1.

**Photograph 3**      **Photograph 4**

  

15. I consulted other employees of HSI, who considered the make, model, and nature of the damage to the body work of Government Vehicle 1. Those employees estimated that it would cost over $1,000 to repair to the damage caused to Government Vehicle 1 after it was struck by the Cadillac.

### III. Conclusion

16. Based on the above information, I submit there is probable cause to believe that on or about October 1, 2025, Widman Osberto LOPEZ FUNES forcibly assaulted, resisted, opposed, impeded, and interfered with an officer of the United States, as designated in Title 18, United States Code, Section 1114, more specifically, one or more ERO officers who were engaged in the performance of their official duties, and in the commission of such acts, used a deadly and dangerous weapon, all in violation of Title 18, United States Code, Section 111(a) & (b).

17. Further, I submit there is probable cause to believe that on or about October 1, 2025, Widman Osberto LOPEZ FUNES willfully committed a depradation

6

against property of the United States and a department and agency thereof, namely, LOPEZ FUNES struck a government vehicle being operated by ERO officers of the Department of Homeland Security, causing damage exceeding the sum of $1,000, all in violation of Title 18, United States Code, Section 1361.

> FURTHER AFFIANT SAYETH NOT.
>
> *Andrea Ficarella/by HKM*
> ANDREA FICARELLA
> Special Agent, Homeland Security Investigations

SWORN TO AND AFFIRMED by telephone October 3, 2025.

*Heather K. McShain*
HONORABLE HEATHER K. McSHAIN
United States Magistrate Judge